[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11397
Non-Argument Calendar

_____

D.C. Docket No. 5:18-cv-00273-MTT

RICKIE LEWIS,

                                                          Plaintiff-Appellant,

versus

BLUE BIRD CORPORATION,
Blue Bird Blvd Fort Valley Georgia,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 24, 2020)

Before WILSON, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Rickie Lewis appeals the district court's grant of summary judgment in favor of the Blue Bird Corporation ("Blue Bird") on his claim that Blue Bird terminated him in retaliation for filing a charge with the Equal Employment Opportunity Commission ("EEOC").  We affirm.

## I. BACKGROUND

Lewis, an African-American male, was hired as a maintenance technician at Blue Bird in June 2015.[1]  In January 2016, Lewis filed a complaint with the EEOC for discrimination; he amended the complaint to add claims of retaliation in August 2016.  He was terminated from Blue Bird in September 2016.  Lewis filed a third EEOC charge in November 2016.  Lewis subsequently filed the present suit against Blue Bird, alleging race discrimination and retaliation.  He alleged that he was subjected to a hostile work environment where racial comments were made, he was not promoted for retaliatory reasons, and he was treated differently because of his race.  Lewis also alleged that Blue Bird terminated his employment as retaliation for his August 2016 EEOC charge and that Blue Bird violated 42 U.S.C. § 1981 and Title VII of the Civil Rights Act ("Title VII") by terminating his employment

---

[1] Because we write for the parties, we assume their familiarity with the facts and include only what is necessary to understand our resolution of this appeal.

out of retaliation for his EEOC complaint for racial discrimination.  Blue Bird answered the amended complaint and denied liability.

Following discovery, Blue Bird moved for summary judgment, arguing that Lewis's claim for retaliation failed because his termination was caused by his own actions, not his EEOC charges.  It argued that it had a legitimate, non-discriminatory reason for his termination; Lewis's repeated negligence and falsification of an inspection checklist caused his termination and there was no evidence that his EEOC complaints were a factor in the termination decision.  It also argued that Lewis failed to show that its proffered reasons were pretextual or that retaliation was the but-for cause for his termination.

The district court granted summary judgment to Blue Bird on all of Lewis's claims.  Regarding his retaliation claim, the district court concluded that Lewis engaged in statutorily protected activity when he filed EEOC charges.  Because the undisputed evidence revealed no causal link between the EEOC charges and the alleged adverse actions, the court concluded that it did not need to reach the question of whether to analyze Blue Bird's disciplinary actions individually or collectively for the purposes of determining whether Blue Bird took adverse action against him.  Further, it noted that Blue Bird proffered unrebutted legitimate, non-retaliatory reasons for each of the actions.

3

Regarding his termination, the district court noted that Lewis disputed the fact that a bus that he inspected was later found to have faulty programming for its high idle setting on three grounds: that Blue Bird did not support it with documentary evidence; that although Blue Bird claimed it was a 30-day warranty claim, Blue Bird actually had a year-long warranty for this issue; and that the declaration of Philomena Washington, the Senior Manager of Employment Compliance and Policies at Blue Bird, was hearsay. The district court noted that, in response, Blue Bird produced evidence and affidavit testimony documenting the claim and its investigation of the claim. Further, it noted that the length of the warranty is not relevant and the evidence on the high idle issue came from records kept in the course of regular business activity and the testimony of Patrick Robirts, Lewis's supervisor.

The district court concluded that there was ample evidence of legitimate, non-discriminatory reasons for Lewis's termination, specifically noting that the bus still had its factory settings, indicating that the switch had never been activated. As to pretext, the district court concluded that Lewis failed to demonstrate that the reasons for his termination were pretextual. It also concluded that Lewis failed to show, under the convincing mosaic standard, that any of Blue Bird's actions constituted racial discrimination or retaliation.

## II. DISCUSSION

4

On appeal, Lewis argues that the district court erred in granting summary judgment to Blue Bird on his retaliation claim because he established pretext by testifying that the reason proffered for his separation was false.

We review the grant of summary judgment de novo, applying the same legal standards as the district court. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). The question is whether the evidence, when viewed in the light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Id.* at 1263-64. We may affirm summary judgment on any ground supported by the record, even if the district court relied upon an incorrect ground or gave an incorrect reason. *Id.* at 1264.

Title VII prohibits an employer from discharging or discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). Under the anti-retaliation provision in Title VII, an employer may not retaliate against an employee because the employee "has opposed any practice made an unlawful employment practice" or "has made a charge" regarding an unlawful employment practice under Title VII. 42 U.S.C. § 2000e-3(a).

When a plaintiff relies on circumstantial rather than direct evidence for a retaliation claim, we apply the burden shifting framework articulated in *McDonnell*

5

*Douglas.  See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973), and analyzing a retaliation claim under the Family and Medical Leave Act).  Under this framework, if the plaintiff presents a prima facie case, and the employer presents a legitimate, nonretaliatory reason for its decision, the plaintiff must then show that the employer's proffered reasons were pretextual.[2] *Id.*

To establish a prima facie case of retaliation, the plaintiff may show that (1) he engaged in a statutorily protected expression, (2) he suffered a materially adverse action, and (3) there was a causal link between the adverse action and his protected expression.  *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1260-61 (11th Cir. 2001) (setting forth elements of a prima facie case); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415 (2006) (discussing materially adverse action element).

---

[2] We have cautioned that establishing the elements of the *McDonnell Douglas* framework is not the only way to survive summary judgment in an employment discrimination case, and that a plaintiff may also present "a convincing mosaic" of circumstantial evidence that raises a reasonable inference that the employer intentionally discriminated against her.  *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).  Here, although the district court addressed Lewis's claims broadly under the convincing mosaic standard in this case Lewis abandoned any argument under that standard by failing to raise it on appeal.  *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012) (recognizing that we do not consider arguments not raised in a party's initial brief).

To prove a causal connection, a plaintiff need only demonstrate "that the protected activity and the adverse action were not wholly unrelated." *Shotz v. City of Plantation*, 344 F.3d 1161, 1180 n.30 (11th Cir. 2003) (quoting *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999)). This element is to be construed broadly. *Id.* The plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took the adverse employment action. *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997). Then, one way the plaintiff can establish that the adverse action and protected activity were not "wholly unrelated" is by showing a close temporal proximity between the employer's discovery of the protected activity and the adverse action. *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). The temporal proximity must be "very close." *Id.* (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511 (2001)). A three-to-four-month delay is too long, *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007), while a one-month gap may satisfy the test, *Higdon*, 393 F.3d at 1220.

We held that a Title VII plaintiff asserting retaliation failed to establish causation, even though the employer refused to hire her for a permanent position shortly after she had filed a complaint of sexual harassment, because it was clear from the record that the plaintiff failed to meet the employer's qualifications for

permanent employment. *Fleming v. Boeing Co.*, 120 F.3d 242, 248 (11th Cir. 1997).

To show pretext, a plaintiff must show that an employer's reasons are false "*and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752 (1993). In doing so, a plaintiff "cannot recast the reason but must meet it head on and rebut it." *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012) (quoting *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004)). Ultimately, the employee must prove that "the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352, 133 S. Ct. 2517, 2528 (2013). If the employer proffers more than one legitimate, non-discriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment. *Chapman v. AI Transp.*, 229 F.3d 1012, 1037 (11th Cir. 2000) (en banc). Specifically, the employee must produce evidence sufficient to permit a reasonable factfinder to conclude that the employer's reason was not the real reason for the adverse employment action. *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1313 (11th Cir. 2016). The inquiry into pretext centers on the employer's beliefs, not the employee's beliefs or "reality as it exists outside of the decision maker's head." *Alvarez*, 610 F.3d at 1266.

To establish pretext, the plaintiff cannot merely make conclusory allegations and assertions, but must present concrete evidence in the form of specific facts showing that the employer's reason for terminating her was merely pretextual. *Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009).  The plaintiff may demonstrate pretext by revealing "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions" in the employer's proffered reasons for its actions that a reasonable factfinder could find them "unworthy of credence."  *See Springer v. Convergys Customer Mgmt. Grp., Inc.*, 509 F.3d 1344, 1348 (11th Cir. 2007) (quoting *Cooper v. S. Co.*, 390 F.3d 695, 725 (11th Cir. 2004)).  "The heart of the pretext inquiry is not whether the employee agrees with the reasons that the employer gives for the discharge, but whether the employer really was motivated by those reasons."  *See Standard v. A.B.E.L. Servs. Inc.*, 161 F.3d 1318, 1333 (11th Cir. 1998).

When an employer asserts that it has fired an employee based on reported workplace incidents, the employee must not only dispute that those incidents occurred, but also call into question the employer's sincere belief that they occurred.  *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 771 (11th Cir. 2005). We have held that an employer's honest belief based on information that the employee violated its policies can constitute a legitimate reason for termination

9

even if the employer's belief may have been mistaken or wrong.  *See Smith v. PAPP Clinic, P.A.*, 808 F.2d 1449, 1452-53 (11th Cir. 1987).

The district court properly granted summary judgment for Blue Bird on Lewis's claim that his termination constituted retaliation for his EEOC charges.  It is not clear from the district court's decision whether it determined that Lewis had established a prima facie case of retaliation regarding his termination; however, it does not matter whether Lewis made out a prima facie case if he cannot meet Blue Bird's nonretaliatory reasons for his termination head on and rebut them.  *See Holland*, 677 F.3d at 1055.  Accordingly, for purposes of discussion, we assume that Lewis has established a prima facie case of retaliation.

Blue Bird met its burden of presenting a legitimate, nonretaliatory reason by presenting evidence that it terminated Lewis because of his prior disciplinary history, including a final written warning issued in June 2016, and his failure to properly inspect the bus and his falsification of the checklist in August 2016. Lewis disputed whether the high idle switch was activated when he conducted the inspection, but he failed to show that Blue Bird did not sincerely believe that he had failed to conduct the inspection properly.  *See Vessels*, 408 F.3d at 771; *Smith*, 808 F.2d at 1452-53.  Blue Bird provided evidence of its sincere belief that, based on the fact that the bus was still in its factory settings and the switch was not activated, Lewis failed to conduct the proper inspection.

10

Lewis argues that the district court improperly relied on Washington's testimony regarding the high idle switch and the warranty claim because Washington was not qualified to testify on the matter. However, the district court made clear in its order that it was relying on Robirts's testimony and the record evidence documenting the inspection and the warranty claim, so Washington's testimony was not necessary to support the district court's conclusion that Lewis failed to conduct the full inspection and falsified the checklist. Further, Washington clarified in her deposition that she spoke with an engineer and stated in her declaration that she became familiar with specific subjects of her declaration testimony by consulting outside sources.

Lewis did not show that Blue Bird was motivated by any prior protected conduct or that retaliation was the but-for cause of his termination. *See Nassar*, 570 U.S. at 352, 133 S. Ct. at 2528. He provided no evidence of Blue Bird being motivated by his prior EEOC charges in its decision to terminate him. Lewis disputes whether Blue Bird was justified in terminating him after only one mistake in inspections, but he fails to offer evidence that Blue Bird was not actually motivated by his performance issues. *See Standard*, 161 F.3d at 1333. As noted above, Lewis did not offer evidence that Blue Bird did not believe that he falsified the checklist or had a history of workplace conflict, and Blue Bird's honest belief that he violated its policies was a legitimate reason for termination even if Lewis

11

argued that its belief was mistaken.  *Vessels*, 408 F.3d at 771; *Smith*, 808 F.2d at 1452-53.  Lewis did not offer any evidence that mentioned his prior EEOC charges at any point, prior to or during his termination, nor did he provide evidence that Robirts or Blue Bird were motivated by retaliation for his EEOC charges rather than his misconduct.  Thus, the evidence, viewed in the light most favorable to Lewis, did not create a genuine issue of material fact on the question of whether Blue Bird's legitimate, non-discriminatory reasons for terminating Lewis were pretext for retaliation.

 **AFFIRMED.**